# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                              Telephone: (212) 317-1200
New York, New York 10165                                              Facsimile: (212) 317-1620
———————

gnaydenskiy@faillacelaw.com

March 8, 2019

**BY ECF**

Hon. Debra C. Freeman
Magistrate Judge
United States District Court
500 Pearl St.
New York, NY, 10007

> **Re:**   *Luis Marino Andujar Mateo v. El Gran Valle Restaurant Corp, et. al.*
> **Case No. 18-cv-4069**

Dear Judge Freeman:

This office represents Plaintiff in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## BACKGROUND

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

Under Plaintiff's best case scenario, he would be entitled to approximately $9,532 in wages owed. Plaintiffs maximum recovery including liquidated damages, penalties, and interest, but excludes attorneys' fees and costs would have been $30,809.77. However, in order to avoid the risks of protracted litigation, the parties have agreed to settle this action for the total sum of $17,000[1].

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were contested factual disputes of Plaintiff's hours worked. Therefore, Plaintiff believes the settlement is reasonable due to the risk that a jury verdict that sides with Defendants or decides to award Plaintiff significantly less damages.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $5,666.66 (one-third of the $17,000 settlement) from the settlement as attorneys' fees and costs of $795.00 which represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees).

---

[1] A copy of Plaintiffs' damages chart is attached as Exhibit B.

Page 3

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $2,940 in attorneys' fees and $795 in costs[2], making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

     i.     Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

     ii.     Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."

     iii.     Joshua Androphy is the senior attorney at Michael Faillace & Associates, P.C. and his work is billed at $400 per hour. He graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, he developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract

---

[2] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."

litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, he has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. He was named a Super Lawyers Rising Star for employment litigation each year from 2014 through 2018.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
LUIS MARINO ANDUJAR MATEO,
*individually and on behalf of others similarly
situated,*

Plaintiff,

-against-

EL GRAN VALLE RESTAURANT CORP.
(D/B/A EL GRAN VALLE), LAS
HERMANAS REST. INC. (D/B/A EL GRAN
VALLE), EL NUEVO VALLE REST. CORP.
(D/B/A EL GRAN VALLE), MANUEL
VIDAL, GRISELDA REYES, DELVY
CASTIO (A.K.A DELVY CASTRO; A.K.A.
DAVID CASTRO), and DARIO DOE,

Defendants.

-----------------------------------------------------------X

**18-cv-4069**

**SETTLEMENT AGREEMENT
AND RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff LUIS MARINO ANDUJAR MATEO ("Plaintiff") on the one hand, EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE), ("Defendant Corporation"), DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO) (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-CV-04069 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and further deny all allegations of wrongdoing made by Plaintiff; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1231196.1

1.    **Payment**:  Defendant Corporation shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff had or may have against Defendants, including but not limited to the claims raised in this Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Seventeen Thousand Dollars and Zero Cents ($17,000) (the "Settlement Amount") to be paid in twelve monthly (12) installments, as follows:

    (a)    Installment One:  One check in the amount of $6,000 made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Thirty Days (30) after court approval of the settlement agreement

    (b)    Installment Two: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Sixty Days (60) after court approval of the settlement agreement.

    (c)    Installment Three: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Ninety Days (90) after court approval of the settlement agreement.

    (d)    Installment Four: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, One Hundred Twenty Days (120) after court approval of the settlement agreement.

    (e)    Installment Five: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, One Hundred Fifty Days (150) after court approval of the settlement agreement.

    (f)    Installment Six: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, One Hundred Eighty Days (180) after court approval of the settlement agreement.

    (g)    Installment Seven: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Two Hundred Ten Days (210) after court approval of the settlement agreement.

    (h)    Installment Eight: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Two Hundred Forty Days (240) after court approval of the settlement agreement.

    (i)    Installment Nine: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS

2

MARINO ANDUJAR MATEO, Two Hundred Seventy Days (270) after court approval of the settlement agreement.

(j)     Installment Ten: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Three Hundred Days (300) after court approval of the settlement agreement.

(k)     Installment Eleven: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Three Hundred Thirty Days (330) after court approval of the settlement agreement.

(l)     Installment Twelve: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Three Hundred Sixty Days (360) after court approval of the settlement agreement.

The payments set forth above in Paragraph 1(a)-(l) shall be delivered to or mailed to the attention of Michael Faillace, Esq., at Michael Faillace & Associates, P.C., 60 East 42nd St. Suite 4510, New York, NY 10165.

2.     **Full Payment**:   Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute full accord and satisfaction.  This amount shall include compensation for alleged damages to Plaintiff as alleged in the Litigation, including any claims for wages or overtime pay under state and federal law or common law.  Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

3.     Concurrently with the execution of this Agreement, Defendants EL GRAN VALLE RESTAURANT CORP.  (D/B/A EL GRAN VALLE) and DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO) shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits B and C, respectively. The Parties acknowledge and agree that notwithstanding the joint and several liability acknowledged by the Defendants in the Confessions of Judgment, Plaintiff is only entitled to receipt of a total amount of $25,500.00 less any payments made in the event of a default and the filing of the Confessions of Judgment. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice to be delivered to Defendants by first class mail via their counsel, Littler Mendelson, Samantha Beltre, Esq., at 900 Third Avenue, New York, NY 10022. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

4.     **Release of Claims**:   Plaintiff, individually and on behalf of himself and, if any, his spouse, heirs, executors, testators, representatives, agents, successors and assigns, in their respective capacities, hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates,

3

parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, employees, and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims"), including but not limited to damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the FLSA or the NYLL, which Plaintiff at any time has, had, claims or claimed to have against Defendants relating to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

Nothing in this Paragraph 3 shall preclude Plaintiff from seeking to enforce the terms of this Agreement.

5.     **Covenant Not to Sue:**     Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or defense of such claims.

6.     **Claims Excluded from the Agreement:**     Nothing in this Agreement, including but not limited to the release of claims, and covenant not to sue provisions, will prevent Plaintiff from filing a charge or complaint with, reporting possible violations of any law or regulation to, making disclosures to, initiating communications directly with, or responding to any inquiry from, or providing testimony before, and/or participating in any investigation or proceeding conducted by, or providing documents or other information to, the United States Department of Labor or the New York State Department of Labor, any other self-regulatory organization, or any state insurance department, or any other federal or state regulatory and/or any governmental authority charged with the enforcement of any laws, regarding this settlement or its underlying facts or circumstances; provided that, by signing this release, Plaintiff is waiving all rights to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiff's behalf.

7.     **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice:**

(a)     The Parties intend for the Plaintiff to waive any and all claims he may have against the Defendants under the FLSA and NYLL and, therefore, desire that this Agreement be approved by the United States District Court.

(b)     Concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court.

4

(c)    Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

8.    **Taxes and Withholding**: If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 1 should have been subject to further taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to Plaintiff and that he shall protect, indemnify and hold harmless the Defendants and Releasees from any withholding or tax payment, interest and penalties paid by the Defendants thereon with respect to the payment of any such taxes.

9.    **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10.    **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

11.    **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by the Parties or their designees.

12.    **No Other Complaints or Charges:** Plaintiff hereby represent that, other than the Litigation, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees. Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to his employment with Defendants.

13.    **Future Employment**: Plaintiff acknowledges and agree that he has no right to any reinstatement or re-employment by Defendant Corporation.

14.    **Assignment of Claims**: Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

15.    **Voluntary Agreement**: Plaintiff represents and agrees that:

(a)    He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him by his attorneys, Michael Faillace & Associates, P.C.;

5

(b)    To the extent he is unable to read, consider or understand any term of this Agreement in the English language, the entirety of this Agreement was translated for him into the Spanish language and/or explained to him in the Spanish language by his attorneys or their representatives;

(c)    He has signed this Agreement freely and voluntarily and without duress;

(d)    No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(e)    He was advised and hereby is advised to consider carefully the terms of this Agreement before executing it, that he did consult with his attorneys, Michael Faillace & Associates, P.C., prior to executing the Agreement, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

16.    **Representation of Plaintiff's Attorneys**:  Plaintiff's attorneys, Michael Faillace & Associates, P.C., represent and agree that, to the extent Plaintiff could not read, consider or understand any term of this Agreement because it was in the English language, the entirety of this Agreement was translated for Plaintiff into the Spanish language and/or explained to Plaintiff in the Spanish language, and that Plaintiff acknowledged his understanding of the terms of this Agreement.

17.    **Full and Complete Agreement**:  This Agreement constitutes the full and complete agreement between the Parties concerning the subject matter hereof, and fully supersedes any and all prior agreements, commitments or understandings between the parties.

18.    **Acknowledgments**:  Plaintiff acknowledges that he has had a sufficient opportunity had 21 days to consider this agreement. Having elected to execute this agreement, to fulfill the promises and to receive the sums and benefits set forth above, Plaintiff freely and knowingly, and after due consideration and consultation with Plaintiff's counsel, enters into this agreement intending to waive, settle and release all FLSA and New York labor law claims, and other claims set forth herein, Plaintiff has or might have against releasees up to the date of execution of this negotiated settlement agreement.

19.    **Notices**:  Notices hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Littler Mendelson,
Samantha Beltre, Esq., at
900 Third Avenue,
New York, NY 10022

20.   **Effective Date**:   This Agreement shall not be effective or enforceable and no payment of the Settlement Amount will be made hereunder unless and until all of the following events occur: (a) Plaintiff signs this Agreement and Plaintiff's counsel signs the Stipulation of Dismissal with Prejudice (attached as Exhibit A) and returns the same to Defendants' Counsel; (b) Defendants' counsel receives a completed W-9 form for Michael Faillace & Associates, P.C., and completed W-4 and W-9 Forms for Plaintiff; and (c) the Court approves this Agreement and dismisses the Litigation (the "Effective Date").  Plaintiff acknowledges and agrees that this Agreement will not be effective or enforceable, and no payment of the Settlement Amount will be made hereunder, unless and until the Litigation and all claims therein (including claims under the FLSA and NYLL) are dismissed against all Defendants in the Litigation with prejudice.

21.   **Governing Law**:   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

22.   **Jurisdiction**:   The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding arising out of this Agreement, or to otherwise enforce the terms of this Agreement.  By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

23.   **Enforceability**:   If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

24.   **Release Notification**:   Defendants advises Plaintiff to discuss the terms of this Agreement and release of claims with  legal counsel and Plaintiff acknowledges that he has  have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

7

25.    **Waiver**:  No provision herein may be waived unless in writing and signed by the Party whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

26.    **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

27.    **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

28.    **Counterparts**:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF FURTHER ACKNOWLEDGES THAT HE HAS SPOKEN WITH HER ATTORNEY, GENNADIY NAYDENSKIY, BEFORE SIGNING THIS AGREEMENT, AND IS SATISFIED WITH THE ADVICE HE WAS PROVIDED.**

PLAINTIFF

By: _____    Date: 6-3-2019
LUIS MARINO ANDUJAR MATEO

DEFENDANTS:

By: _____    Date: _____
EL GRAN VALLE RESTAURANT CORP.

8

(D/B/A EL GRAN VALLE)

By: _____     Date: _____
DELVY CASTRO

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
LUIS   MARINO   ANDUJAR   MATEO,
*individually and on behalf of others similarly*
*situated,*

                                                                    **18-cv-4069**

                                        *Plaintiff,*

                    -against-

EL GRAN VALLE RESTAURANT CORP.
(D/B/A   EL   GRAN   VALLE),   LAS
HERMANAS REST. INC. (D/B/A EL GRAN
VALLE), EL NUEVO VALLE REST. CORP.
(D/B/A  EL  GRAN  VALLE),  MANUEL
VIDAL,   GRISELDA   REYES,   DELVY
CASTIO (A.K.A DELVY CASTRO; A.K.A.
DAVID CASTRO), and DARIO DOE,

                                        *Defendants.*
----------------------------------------------------------X

                                        **JOINT STIPULATION AND**
                                        **ORDER OF DISMISSAL WITH**
                                        **PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties, and ordered by the

Court, that:

       (a)     the parties' settlement, including the settlement of claims under the Fair Labor

Standards Act and New York Labor Law, is fair and reasonable; and

       (b)     the above-captioned action and all causes of action that were or could have been

asserted therein, including any and all claims under the Fair Labor Standards Act and/or New York

Labor Law, are dismissed *with prejudice* pursuant to Rule 41(a)(1) of the Federal Rules of Civil

Procedure and without costs, disbursements or attorneys' fees to any party.

Dated: _____, 2019                    Dated: _____, 2019

**MICHAEL FAILLACE & ASSOCIATES, P.C.**        **LITTLER MENDELSON, P.C.**

_____                      _____
By: Gennadiy Naydenskiy                        By: Samantha Beltre
60 East 42nd Street, Suite 2540                900 Third Avenue
New York, New York 10165                       New York, New York 10022
(212) 317-1200                                 (212) 583-9600

*Attorneys for Plaintiff*                      *Attorneys for Defendants*

                                        10

SO ORDERED:

_____
U.S.M.J.

# EXHIBIT B

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LUIS  MARINO  ANDUJAR  MATEO,
*individually and on behalf of others similarly*
*situated,*

                      *Plaintiff,*

        -against-

EL GRAN VALLE RESTAURANT CORP.
(D/B/A  EL  GRAN  VALLE),  LAS
HERMANAS REST. INC. (D/B/A EL GRAN
VALLE),  EL NUEVO VALLE REST. CORP.
(D/B/A  EL  GRAN  VALLE),  MANUEL
VIDAL,  GRISELDA  REYES,  DELVY
CASTIO  (A.K.A DELVY  CASTRO;  A.K.A.
DAVID CASTRO), and DARIO DOE,

                     *Defendants.*
--------------------------------------------------------X

18-cv-4069

**AFFIDAVIT OF CONFESSION OF
JUDGMENT**

STATE OF NEW YORK    )
                         : ss.:
COUNTY OF           )

     1.     I reside in _____ County.

     2.     Pursuant to the terms of the Settlement Agreement and Release by and between
LUIS MARINO ANDUJAR MATEO ("Plaintiff") and EL GRAN VALLE RESTAURANT
CORP. (D/B/A EL GRAN VALLE), ("Defendant Corporation"), DELVY CASTIO (A.K.A
DELVY CASTRO; A.K.A. DAVID CASTRO) (each a "Defendant" and collectively,
"Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry
thereof against me individually and in favor of Plaintiff for the sum of TWENTY-FIVE
THOUSAND, FIVE HUNDRED DOLLARS and ZERO CENTS ($25,5000), less any payments
made under the Settlement Agreement.

     3.     This affidavit of confession of judgment is for a debt justly due to Plaintiff under

13

the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $17,000 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $17,000 plus liquidated damages of $8,500.

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $25,500 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO), jointly and severally with separate Affidavits of Confession of Judgment of EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE). However, as stated in the Settlement Agreement and Release, the total amount owed to Plaintiff is $25,500.00 less any payments made, and in the event that amount is collected based upon this Confession of Judgment, and those executed by DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO), (individually and on behalf of the corporate Defendants) the total amount of the judgment to be entered against all Defendants is $25,500.00 less any payments made.


_____
DELVY CASTRO


Sworn to before me this
\_\_\_\_ day of _____ 2019


_____
Notary Public

14

# EXHIBIT C

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LUIS MARINO ANDUJAR MATEO, *individually*
*and on behalf of others similarly situated,*

*Plaintiff,*

-against-

EL GRAN VALLE RESTAURANT CORP. (D/B/A
EL GRAN VALLE), LAS HERMANAS REST.
INC. (D/B/A EL GRAN VALLE), EL NUEVO
VALLE REST. CORP.    (D/B/A EL GRAN
VALLE), MANUEL VIDAL, GRISELDA REYES,
DELVY CASTIO (A.K.A DELVY CASTRO;
A.K.A. DAVID CASTRO), and DARIO DOE,

*Defendants.*

-------------------------------------------------------X


STATE OF NEW YORK        )
                         : ss.:
COUNTY OF                )

     1.    I reside in _____ County.

     2.    I am the President of EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE). I am duly authorized to make this affidavit of confession of judgment on behalf of EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE).

     3.    Pursuant to the terms of the Settlement Agreement and Release by and between Pursuant to the terms of the Settlement Agreement and Release by and between LUIS MARINO ANDUJAR MATEO ("Plaintiff") and EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE), ("Defendant Corporation"), DELVY CASTIO (A.K.A DELVY CASTRO;

16

A.K.A. DAVID CASTRO) (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me personally, and EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE) in favor of Plaintiff for the sum of TWENTY-FIVE THOUSAND, FIVE HUNDRED DOLLARS and ZERO CENTS ($25,5000) less any payments made under the Settlement Agreement.

4.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $17,000 to Plaintiff.  The amount of this affidavit of confession of judgment represents the settlement amount of $17,000 plus liquidated damages of $8,500.

5.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

6.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $25,500 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me personally, EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE), jointly and severally, and jointly and severally with separate Affidavits of Confession of Judgment by DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO).  However, as stated in the Settlement Agreement and Release, the total amount owed to Plaintiff is $25,500.00 less any payments made, and in the event that amount is collected based upon this Confession of Judgment, and those executed by DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO), the total amount of the judgment to be entered against all Defendants is $25,500.00 less any payments made.

EL GRAN VALLE RESTAURANT CORP.  (D/B/A EL GRAN VALLE)

By: _____
DELVY CASTRO
Title: President

Sworn to before me this
_____ day of _____ 2019

_____
Notary Public

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LUIS MARINO ANDUJAR MATEO,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff,*

-against-

EL GRAN VALLE RESTAURANT CORP.
(D/B/A EL GRAN VALLE), LAS
HERMANAS REST. INC. (D/B/A EL GRAN
VALLE), EL NUEVO VALLE REST. CORP.
(D/B/A EL GRAN VALLE), MANUEL
VIDAL, GRISELDA REYES, DELVY
CASTIO (A.K.A DELVY CASTRO; A.K.A.
DAVID CASTRO), and DARIO DOE,

*Defendants.*
-------------------------------------------------------X

**18-cv-4069**

**SETTLEMENT AGREEMENT**
**AND RELEASE**

 

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff LUIS MARINO ANDUJAR MATEO ("Plaintiff") on the one hand, EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE), ("Defendant Corporation"), DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO) (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-CV-04069 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and further deny all allegations of wrongdoing made by Plaintiff; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1231196.1

1.    **Payment**:  Defendant Corporation shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff had or may have against Defendants, including but not limited to the claims raised in this Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Seventeen Thousand Dollars and Zero Cents ($17,000) (the "Settlement Amount") to be paid in twelve monthly (12) installments, as follows:

(a)    Installment One:  One check in the amount of $6,000 made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Thirty Days (30) after court approval of the settlement agreement

(b)    Installment Two: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Sixty Days (60) after court approval of the settlement agreement.

(c)    Installment Three: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Ninety Days (90) after court approval of the settlement agreement.

(d)    Installment Four: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, One Hundred Twenty Days (120) after court approval of the settlement agreement.

(e)    Installment Five: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, One Hundred Fifty Days (150) after court approval of the settlement agreement.

(f)    Installment Six: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, One Hundred Eighty Days (180) after court approval of the settlement agreement.

(g)    Installment Seven: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Two Hundred Ten Days (210) after court approval of the settlement agreement.

(h)    Installment Eight: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Two Hundred Forty Days (240) after court approval of the settlement agreement.

(i)    Installment Nine: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS

2

MARINO ANDUJAR MATEO, Two Hundred Seventy Days (270) after court approval of the settlement agreement.

(j)     Installment Ten: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Three Hundred Days (300) after court approval of the settlement agreement.

(k)     Installment Eleven: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Three Hundred Thirty Days (330) after court approval of the settlement agreement.

(l)     Installment Twelve: One check in the total amount of One Thousand Dollars and Zero Cents ($1,000) made payable to Michael Faillace & Associates, P.C. as attorneys for LUIS MARINO ANDUJAR MATEO, Three Hundred Sixty Days (360) after court approval of the settlement agreement.

The payments set forth above in Paragraph 1(a)-(l) shall be delivered to or mailed to the attention of Michael Faillace, Esq., at Michael Faillace & Associates, P.C., 60 East 42nd St. Suite 4510, New York, NY 10165.

2.     **Full Payment**:     Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute full accord and satisfaction. This amount shall include compensation for alleged damages to Plaintiff as alleged in the Litigation, including any claims for wages or overtime pay under state and federal law or common law. Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

3.     Concurrently with the execution of this Agreement, Defendants EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE) and DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO) shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits B and C, respectively. The Parties acknowledge and agree that notwithstanding the joint and several liability acknowledged by the Defendants in the Confessions of Judgment, Plaintiff is only entitled to receipt of a total amount of $25,500.00 less any payments made in the event of a default and the filing of the Confessions of Judgment. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, **and** (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice to be delivered to Defendants by first class mail via their counsel, Littler Mendelson, Samantha Beltre, Esq., at 900 Third Avenue, New York, NY 10022. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

4.     **Release of Claims**:     Plaintiff, individually and on behalf of himself and, if any, his spouse, heirs, executors, testators, representatives, agents, successors and assigns, in their respective capacities, hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates,

3

parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, employees, and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims"), including but not limited to damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the FLSA or the NYLL, which Plaintiff at any time has, had, claims or claimed to have against Defendants relating to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.  Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

Nothing in this Paragraph 3 shall preclude Plaintiff from seeking to enforce the terms of this Agreement.

5.    **Covenant Not to Sue:**    Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement.  If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or defense of such claims.

6.    **Claims Excluded from the Agreement**:    Nothing in this Agreement, including but not limited to the release of claims, and covenant not to sue provisions, will prevent Plaintiff from filing a charge or complaint with, reporting possible violations of any law or regulation to, making disclosures to, initiating communications directly with, or responding to  any inquiry from, or providing testimony before, and/or participating in any investigation or proceeding conducted by, or providing documents or other information to, the United States Department of Labor or the New York State Department of Labor, any other self-regulatory organization, or any state insurance department, or any other federal or state regulatory and/or any governmental authority charged with the enforcement of any laws, regarding this settlement or its underlying facts or circumstances; provided that, by signing this release, Plaintiff is waiving all rights to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiff's behalf.

7.    **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice:**

(a)    The Parties intend for the Plaintiff to waive any and all claims he may have against the Defendants under the FLSA and NYLL and, therefore, desire that this Agreement be approved by the United States District Court.

(b)    Concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court.

4

(c)    Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

8.    **Taxes and Withholding**:  If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 1 should have been subject to further taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to Plaintiff and that he shall protect, indemnify and hold harmless the Defendants and Releasees from any withholding or tax payment, interest and penalties paid by the Defendants thereon with respect to the payment of any such taxes.

9.    **No Admission of Liability**:  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment.  Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

10.    **Bona Fide Dispute**:  This Agreement is in settlement of disputed claims.  The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

11.    **Changes to the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by the Parties or their designees.

12.    **No Other Complaints or Charges**:  Plaintiff hereby represent that, other than the Litigation, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees.  Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to his employment with Defendants.

13.    **Future Employment**:  Plaintiff acknowledges and agree that he has no right to any reinstatement or re-employment by Defendant Corporation.

14.    **Assignment of Claims**:  Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

15.    **Voluntary Agreement**:  Plaintiff represents and agrees that:

(a)    He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him by his attorneys, Michael Faillace & Associates, P.C.;

5

(b)    To the extent he is unable to read, consider or understand any term of this Agreement in the English language, the entirety of this Agreement was translated for him into the Spanish language and/or explained to him in the Spanish language by his attorneys or their representatives;

(c)    He has signed this Agreement freely and voluntarily and without duress;

(d)    No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(e)    He was advised and hereby is advised to consider carefully the terms of this Agreement before executing it, that he did consult with his attorneys, Michael Faillace & Associates, P.C., prior to executing the Agreement, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

16.    **Representation of Plaintiff's Attorneys**:  Plaintiff's attorneys, Michael Faillace & Associates, P.C., represent and agree that, to the extent Plaintiff could not read, consider or understand any term of this Agreement because it was in the English language, the entirety of this Agreement was translated for Plaintiff into the Spanish language and/or explained to Plaintiff in the Spanish language, and that Plaintiff acknowledged his understanding of the terms of this Agreement.

17.    **Full and Complete Agreement**:  This Agreement constitutes the full and complete agreement between the Parties concerning the subject matter hereof, and fully supersedes any and all prior agreements, commitments or understandings between the parties.

18.    **Acknowledgments**:  Plaintiff acknowledges that he has had a sufficient opportunity had 21 days to consider this agreement. Having elected to execute this agreement, to fulfill the promises and to receive the sums and benefits set forth above, Plaintiff freely and knowingly, and after due consideration and consultation with Plaintiff's counsel, enters into this agreement intending to waive, settle and release all FLSA and New York labor law claims, and other claims set forth herein, Plaintiff has or might have against releasees up to the date of execution of this negotiated settlement agreement.

19.    **Notices**:  Notices hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Littler Mendelson,
Samantha Beltre, Esq., at
900 Third Avenue,
New York, NY 10022

20.    **Effective Date**:   This Agreement shall not be effective or enforceable and no payment of the Settlement Amount will be made hereunder unless and until all of the following events occur: (a) Plaintiff signs this Agreement and Plaintiff's counsel signs the Stipulation of Dismissal with Prejudice (attached as Exhibit A) and returns the same to Defendants' Counsel; (b) Defendants' counsel receives a completed W-9 form for Michael Faillace & Associates, P.C., and completed W-4 and W-9 Forms for Plaintiff; and (c) the Court approves this Agreement and dismisses the Litigation (the "Effective Date").  Plaintiff acknowledges and agrees that this Agreement will not be effective or enforceable, and no payment of the Settlement Amount will be made hereunder, unless and until the Litigation and all claims therein (including claims under the FLSA and NYLL) are dismissed against all Defendants in the Litigation with prejudice.

21.    **Governing Law**:   This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

22.    **Jurisdiction**:   The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding arising out of this Agreement, or to otherwise enforce the terms of this Agreement.   By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

23.    **Enforceability**:   If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

24.    **Release Notification**:   Defendants advises Plaintiff to discuss the terms of this Agreement and release of claims with  legal counsel and Plaintiff acknowledges that he has  have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

7

25.    **Waiver**:  No provision herein may be waived unless in writing and signed by the Party whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

26.    **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

27.    **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

28.    **Counterparts**:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.


**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF FURTHER ACKNOWLEDGES THAT HE HAS SPOKEN WITH HER ATTORNEY, GENNADIY NAYDENSKIY, BEFORE SIGNING THIS AGREEMENT, AND IS SATISFIED WITH THE ADVICE HE WAS PROVIDED.**



PLAINTIFF


By: _____          Date: _____
     LUIS MARINO ANDUJAR MATEO




DEFENDANTS:

By: _____          Date: 2/26/2019
EL GRAN VALLE RESTAURANT CORP.

8

(D/B/A EL GRAN VALLE)

By: _____          Date: 02-26-19
DELVY CASTRO

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LUIS MARINO ANDUJAR MATEO,
*individually and on behalf of others similarly*
*situated,*

                                          Plaintiff,

                    -against-

EL GRAN VALLE RESTAURANT CORP.
(D/B/A EL GRAN VALLE), LAS
HERMANAS REST. INC. (D/B/A EL GRAN
VALLE), EL NUEVO VALLE REST. CORP.
(D/B/A EL GRAN VALLE), MANUEL
VIDAL, GRISELDA REYES, DELVY
CASTIO (A.K.A DELVY CASTRO; A.K.A.
DAVID CASTRO), and DARIO DOE,

                                          *Defendants.*
--------------------------------------------------------X

**18-cv-4069**

**JOINT STIPULATION AND**
**ORDER OF DISMISSAL WITH**
**PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the

Court, that:

(a)    the parties' settlement, including the settlement of claims under the Fair Labor

Standards Act and New York Labor Law, is fair and reasonable; and

(b)    the above-captioned action and all causes of action that were or could have been

asserted therein, including any and all claims under the Fair Labor Standards Act and/or New York

Labor Law, are dismissed *with prejudice* pursuant to Rule 41(a)(1) of the Federal Rules of Civil

Procedure and without costs, disbursements or attorneys' fees to any party.

Dated: _____, 2019              Dated: _____, 2019

**MICHAEL FAILLACE & ASSOCIATES, P.C.**    **LITTLER MENDELSON, P.C.**

_____              _____
By: Gennadiy Naydenskiy                    By: Samantha Beltre
60 East 42nd Street, Suite 2540            900 Third Avenue
New York, New York 10165                   New York, New York 10022
(212) 317-1200                             (212) 583-9600

*Attorneys for Plaintiff*                  *Attorneys for Defendants*

10

SO ORDERED:

_____
U.S.M.J.

# EXHIBIT B

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LUIS MARINO ANDUJAR MATEO,
*individually and on behalf of others similarly*
*situated,*

                                        **18-cv-4069**

                         *Plaintiff,*

                                        **AFFIDAVIT OF CONFESSION OF**
                                        **JUDGMENT**
           -against-

EL GRAN VALLE RESTAURANT CORP.
(D/B/A EL GRAN VALLE), LAS
HERMANAS REST. INC. (D/B/A EL GRAN
VALLE), EL NUEVO VALLE REST. CORP.
(D/B/A EL GRAN VALLE), MANUEL
VIDAL, GRISELDA REYES, DELVY
CASTIO (A.K.A DELVY CASTRO; A.K.A.
DAVID CASTRO), and DARIO DOE,

                         *Defendants.*
--------------------------------------------------------X

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF                  )

      1.    I reside in _____ County.

      2.    Pursuant to the terms of the Settlement Agreement and Release by and between
LUIS MARINO ANDUJAR MATEO ("Plaintiff") and EL GRAN VALLE RESTAURANT
CORP. (D/B/A EL GRAN VALLE), ("Defendant Corporation"), DELVY CASTIO (A.K.A
DELVY CASTRO; A.K.A. DAVID CASTRO) (each a "Defendant" and collectively,
"Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry
thereof against me individually and in favor of Plaintiff for the sum of TWENTY-FIVE
THOUSAND, FIVE HUNDRED DOLLARS and ZERO CENTS ($25,5000), less any payments
made under the Settlement Agreement.

      3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under

13

the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $17,000 to Plaintiff.  The amount of this affidavit of confession of judgment represents the settlement amount of $17,000 plus liquidated damages of $8,500.

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $25,500 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO), jointly and severally with separate Affidavits of Confession of Judgment of EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE). However, as stated in the Settlement Agreement and Release, the total amount owed to Plaintiff is $25,500.00 less any payments made, and in the event that amount is collected based upon this Confession of Judgment, and those executed by DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO), (individually and on behalf of the corporate Defendants) the total amount of the judgment to be entered against all Defendants is $25,500.00 less any payments made.

DELVY CASTRO

Sworn to before me this
26th day of February 2019

Notary Public

14

# EXHIBIT C

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LUIS MARINO ANDUJAR MATEO, *individually*
*and on behalf of others similarly situated,*

*Plaintiff,*

      -against-

EL GRAN VALLE RESTAURANT CORP. (D/B/A
EL GRAN VALLE), LAS HERMANAS REST.
INC. (D/B/A EL GRAN VALLE), EL NUEVO
VALLE REST. CORP. (D/B/A EL GRAN
VALLE), MANUEL VIDAL, GRISELDA REYES,
DELVY CASTIO (A.K.A DELVY CASTRO;
A.K.A. DAVID CASTRO), and DARIO DOE,

*Defendants.*

--------------------------------------------------------X


STATE OF NEW YORK     )
                       : ss.:
COUNTY OF              )

    1.      I reside in _____ County.

    2.      I am the President of EL GRAN VALLE RESTAURANT CORP. (D/B/A EL
GRAN VALLE). I am duly authorized to make this affidavit of confession of judgment on behalf
of EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE).

    3.      Pursuant to the terms of the Settlement Agreement and Release by and between
Pursuant to the terms of the Settlement Agreement and Release by and between LUIS MARINO
ANDUJAR MATEO ("Plaintiff") and EL GRAN VALLE RESTAURANT CORP. (D/B/A EL
GRAN VALLE), ("Defendant Corporation"), DELVY CASTIO (A.K.A DELVY CASTRO;

16

A.K.A. DAVID CASTRO) (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me personally, and EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE) in favor of Plaintiff for the sum of TWENTY-FIVE THOUSAND, FIVE HUNDRED DOLLARS and ZERO CENTS ($25,5000) less any payments made under the Settlement Agreement.

4.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $17,000 to Plaintiff.  The amount of this affidavit of confession of judgment represents the settlement amount of $17,000 plus liquidated damages of $8,500.

5.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

6.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $25,500 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me personally, EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE), jointly and severally, and jointly and severally with separate Affidavits of Confession of Judgment by DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO).  However, as stated in the Settlement Agreement and Release, the total amount owed to Plaintiff is $25,500.00 less any payments made, and in the event that amount is collected based upon this Confession of Judgment, and those executed by DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO), the total amount of the judgment to be entered against all Defendants is $25,500.00 less any payments made.

EL GRAN VALLE RESTAURANT CORP.  (D/B/A EL GRAN VALLE)

By: _____
DELVY CASTRO
Title: President

Sworn to before me this
26 day of February 2019

_____
Notary Public

CAROL FRANCISCO
NOTARY
PUBLIC
★ Exp. October 20, 2020: ★
BRONX COUNTY
No. 01FR6195995
STATE OF NEW YORK

17

# EXHIBIT B

Privileged Settlement Communication

Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Luis Marino Andujar Mateo | 6/1/2017 | 12/31/2017 | 30 | 48 | | $   7.50 | $   11.25 | $   11.00 | $   16.50 | $   572.00 | $   360.00 | $   212.00 | $   6,360.00 | $   6,360.00 |
| | 1/1/2018 | 3/30/2018 | 13 | 42 | | $   7.50 | $   11.25 | $   13.00 | $   19.50 | $   559.00 | $   315.00 | $   244.00 | $   3,172.00 | 3,172.00 |
| | | | | | | | | | | | | TOTAL: | $   9,532.00 | $   9,532.00 |
| | | | | 1 | This chart is based upon preliminary information and the expected testimony of Plaintiffs. | | | | | | | | | |
| | | | | 2 | Plaintiffs reserve the right to correct or amend this chart. | | | | | | | | | |
| | | | | 3 | This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL. | | | | | | | | | |

Privileged Settlement Communication                                                                 Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Luis Marino Andujar Mateo | 6/1/2017 | 12/31/2017 | $    - | $    - | $    5,000.00 | $    5,000.00 | $    845.46 | $    - | $    1,100.00 | $    24,665.46 |
| | 1/1/2018 | 3/30/2018 | $    - | $    - | | | $    303.17 | $    - | | $    6,647.17 |
| | | | | | | | | | | |
| | | | $    - | $    - | $    5,000.00 | $    5,000.00 | $    1,148.64 | $    - | $    1,100.00 | $    31,312.64 |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | Filing Date | | 5/7/2018 | | | | | |
| | | | FLSA | | 5/7/2015 | | | | | |
| | | | NYLL | | 5/7/2012 | | | | | |
| | | | Amendment | | 4/9/2011 | | | | | |
| | | | Today | | 3/8/2019 | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

# EXHIBIT C

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Luis Andujar Mateo                                                March 8, 2019

| | | File #: | ElGranValle |
|---|---|---|---|
| **Attention:** | | Inv #: | Sample |

**RE:**  Luis Marino Andujar Mateo v. El Gran Valle Restaurant Corp., SDNY
Index No. 18-cv-4069

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| May-02-18 | Initial consultation with MF Luis Marino Andujar Mateo | 1.00 | 450.00 | MF |
| May-05-18 | Drafted Complaint | 3.00 | 1,350.00 | MF |
| Jun-28-18 | call with S Beltre defendant attorney | 0.20 | 80.00 | JA |
| Aug-06-18 | call with D attorney, review and send damage calculation and demand | 0.20 | 80.00 | JA |
| Aug-21-18 | review emails between counsel | 0.10 | 40.00 | GN |
| Sep-13-18 | review case file, adjust demand for settlement | 0.40 | 160.00 | GN |
| | telephone conference with def. attorney's fees | 0.10 | 35.00 | GN |
| Sep-18-18 | review def email, conference with SV | 0.20 | 70.00 | GN |
| | conference with MF re: settlement offer | 0.10 | 40.00 | GN |
| | conference with. w/ MF again re: settlement strategy | 0.10 | 35.00 | GN |
| Sep-24-18 | email def. attorney | 0.00 | 0.00 | GN |
| | email def. attorney | 0.10 | 35.00 | GN |

| Oct-15-18 | review case damages | 0.10 | 35.00 | GN |
|---|---|---|---|---|
| | telephone conference with Def attorney | 0.10 | 35.00 | GN |
| Oct-24-18 | review SV email and email def. attorney | 0.10 | 35.00 | GN |
| Nov-06-18 | email w/ def attorney | 0.10 | 40.00 | GN |
| Nov-28-18 | draft ltr to court re: sett | 0.20 | 70.00 | GN |
| Feb-01-19 | conference with def attorney re: sett agreement changes | 0.20 | 70.00 | GN |
| Feb-05-19 | review and edit agreement, email def attorney | 0.10 | 35.00 | GN |
| Mar-07-19 | draft fairness motion | 0.70 | 245.00 | GN |
| | Totals | 7.10 | $2,940.00 | |

## DISBURSEMENTS

| | Filing Fee | 400.00 |
|---|---|---|
| Jul-20-18 | Process Server on El Gran Valle Restaurant Corp. | 65.00 |
| | Process Server on El Nuevo Valle Rest Corp. | 65.00 |
| | Process Server on Las Hermanas Rest. Inc. | 65.00 |
| | Process Server: Manuel Vidal | 50.00 |
| | Process Server: Griselda Reyes | 50.00 |
| | Process Server: Delvy Castio | 50.00 |
| | Process Server: Dario Doe | 50.00 |
| | Totals | $795.00 |

| **Total Fee & Disbursements** | **$3,735.00** |
|---|---|
| **Balance Now Due** | **$3,735.00** |