# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42ⁿᵈ Street, 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                    Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

June 6, 2019

**BY ECF**

Hon. Debra C. Freeman
Magistrate Judge
United States District Court
500 Pearl St.
New York, NY, 10007

> **Re:**    *Luis Marino Andujar Mateo v. El Gran Valle Restaurant Corp, et. al.*
> **Case No. 18-cv-4069**

Dear Judge Freeman:

In accordance with Your Honor's direction, the parties have agreed to have Your Honor retain jurisdiction as opposed to the State confession of judgments. Additionally, Paragraph 1 of the settlement agreement, has been revised to clarify the payment terms to be more specific. The fully signed revised settlement agreement is attached herein.

Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy

Encls.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LUIS MARINO ANDUJAR MATEO,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff,*

-against-

EL GRAN VALLE RESTAURANT CORP.
(D/B/A EL GRAN VALLE), LAS
HERMANAS REST. INC. (D/B/A EL GRAN
VALLE), EL NUEVO VALLE REST. CORP.
(D/B/A EL GRAN VALLE), MANUEL
VIDAL, GRISELDA REYES, DELVY
CASTIO (A.K.A DELVY CASTRO; A.K.A.
DAVID CASTRO), and DARIO DOE,

*Defendants.*

--------------------------------------------------------X

**18-cv-4069**


**SETTLEMENT AGREEMENT**
**AND RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff LUIS MARINO ANDUJAR MATEO ("Plaintiff") on the one hand, EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE), ("Defendant Corporation"), DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO) (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-CV-04069 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and further deny all allegations of wrongdoing made by Plaintiff; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1231196.1

1.    **Payment**:  Defendant Corporation shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff had or may have against Defendants, including but not limited to the claims raised in this Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Seventeen Thousand Dollars and Zero Cents ($17,000) (the "Settlement Amount") to be paid in twelve monthly (12) installments, as follows:

　　　　(a)    Installment One:  Thirty Days (30) after court approval of the settlement agreement, an amount equal to $6,000 as follows:

| Luis Marino Andujar Mateo | $1,859.71 by IRS Form 1099 and $1,859.71 by W-2 |
| Michael Faillace & Associates, attorneys' fees and costs | $2280.58 by IRS Form 1099 |

　　　　(b)    Installment Two: Sixty Days (60) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620 by IRS Form 1099 |
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

　　　　(c)    Installment Three: Ninety Days (90) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by W-2 |
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

　　　　(d)    Installment Four: One Hundred Twenty Days (120) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by IRS Form 1099 |
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

　　　　(e)    Installment Five: One Hundred Fifty Days (150) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by W-2 |
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(f)    Installment Six: One Hundred Eighty Days (180) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620 by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(g)    Installment Seven: Two Hundred Ten Days (210) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by W-2 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(h)    Installment Eight: Two Hundred Forty Days (240) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(i)    Installment Nine: Two Hundred Seventy Days (270) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by W-2 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(j)    Installment Ten: Three Hundred Days (300) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(k)    Installment Eleven: Three Hundred Thirty Days (330) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by W-2 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(l)     Installment Twelve: Three Hundred Sixty Days (360) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

The payments set forth above in Paragraph 1(a)-(l) shall be delivered to or mailed to the attention of Michael Faillace, Esq., at Michael Faillace & Associates, P.C., 60 East 42nd St. Suite 4510, New York, NY 10165.

2.     **Full Payment**:    Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute full accord and satisfaction. This amount shall include compensation for alleged damages to Plaintiff as alleged in the Litigation, including any claims for wages or overtime pay under state and federal law or common law. Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

The Parties agree that (i) in the event that the Defendants fail to make any of the installment payments as set forth above, <u>and</u> (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice ("Notice of Default") to be delivered to Defendants by first class mail via their counsel, Littler Mendelson, Samantha Beltre, Esq., at 900 Third Avenue, New York, NY 10022, which Notice of Default shall be deemed received five (5) days after it is mailed, Plaintiff shall be entitled to the entry of a default judgment against Defendants El Gran Valle Restaurant Corp. and Delvy Castro in the amount of $25,500.00 less any payments already made under this Agreement. The $25,500.00 represents the settlement amount of $17,000 plus liquidated damages of $8,500.

3.     **Release of Claims:**    Plaintiff, individually and on behalf of himself and, if any, his spouse, heirs, executors, testators, representatives, agents, successors and assigns, and their respective capacities, hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, employees, and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims"), including but not limited to damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the FLSA or the NYLL, which Plaintiff at any time has, had, claims or claimed to have against Defendants relating to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

Nothing in this Paragraph 3 shall preclude Plaintiff from seeking to enforce the terms of this Agreement.

4.    **Covenant Not to Sue:**    Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or defense of such claims.

5.    **Claims Excluded from the Agreement:**    Nothing in this Agreement, including but not limited to the release of claims, and covenant not to sue provisions, will prevent Plaintiff from filing a charge or complaint with, reporting possible violations of any law or regulation to, making disclosures to, initiating communications directly with, or responding to any inquiry from, or providing testimony before, and/or participating in any investigation or proceeding conducted by, or providing documents or other information to, the United States Department of Labor or the New York State Department of Labor, any other self-regulatory organization, or any state insurance department, or any other federal or state regulatory and/or any governmental authority charged with the enforcement of any laws, regarding this settlement or its underlying facts or circumstances; provided that, by signing this release, Plaintiff is waiving all rights to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiff's behalf.

6.    **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice:**

(a)    The Parties intend for the Plaintiff to waive any and all claims he may have against the Defendants under the FLSA and NYLL and, therefore, desire that this Agreement be approved by the United States District Court.

(b)    Concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court.

(c)    Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

7.    **Taxes and Withholding:**    If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 1 should have been subject to further taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to Plaintiff and that he shall protect, indemnify and hold harmless the Defendants and Releasees from any withholding or tax payment, interest and penalties paid by the Defendants thereon with respect to the payment of any such taxes.

8.    **No Admission of Liability:**    Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of

5

liability by Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9.      **Bona Fide Dispute**:  This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

10.     **Changes to the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by the Parties or their designees.

11.     **No Other Complaints or Charges**:  Plaintiff hereby represent that, other than the Litigation, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees.  Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to his employment with Defendants.

12.     **Future Employment**:  Plaintiff acknowledges and agree that he has no right to any reinstatement or re-employment by Defendant Corporation.

13.     **Assignment of Claims**:  Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

14.     **Voluntary Agreement**:  Plaintiff represents and agrees that:

        (a)     He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him by his attorneys, Michael Faillace & Associates, P.C.;

        (b)     To the extent he is unable to read, consider or understand any term of this Agreement in the English language, the entirety of this Agreement was translated for him into the Spanish language and/or explained to him in the Spanish language by his attorneys or their representatives;

        (c)     He has signed this Agreement freely and voluntarily and without duress;

        (d)     No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

        (e)     He was advised and hereby is advised to consider carefully the terms of this Agreement before executing it, that he did consult with his attorneys, Michael Faillace & Associates, P.C., prior to executing the Agreement, and has had a reasonable period of time in

which to consider the terms of this Agreement before executing it.

15.    **Representation of Plaintiff's Attorneys**:  Plaintiff's attorneys, Michael Faillace & Associates, P.C., represent and agree that, to the extent Plaintiff could not read, consider or understand any term of this Agreement because it was in the English language, the entirety of this Agreement was translated for Plaintiff into the Spanish language and/or explained to Plaintiff in the Spanish language, and that Plaintiff acknowledged his understanding of the terms of this Agreement.

16.    **Full and Complete Agreement**:  This Agreement constitutes the full and complete agreement between the Parties concerning the subject matter hereof, and fully supersedes any and all prior agreements, commitments or understandings between the parties.

17.    **Acknowledgments**:  Plaintiff acknowledges that he has had a sufficient opportunity had 21 days to consider this agreement. Having elected to execute this agreement, to fulfill the promises and to receive the sums and benefits set forth above, Plaintiff freely and knowingly, and after due consideration and consultation with Plaintiff's counsel, enters into this agreement intending to waive, settle and release all FLSA and New York labor law claims, and other claims set forth herein, Plaintiff has or might have against releasees up to the date of execution of this negotiated settlement agreement.

18.    **Notices**:  Notices hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Littler Mendelson,
Samantha Beltre, Esq., at
900 Third Avenue,
New York, NY 10022

19.    **Effective Date**:  This Agreement shall not be effective or enforceable and no payment of the Settlement Amount will be made hereunder unless and until all of the following events occur: (a) Plaintiff signs this Agreement and Plaintiff's counsel signs the Stipulation of Dismissal with Prejudice (attached as Exhibit A) and returns the same to Defendants' Counsel; (b) Defendants' counsel receives a completed W-9 form for Michael Faillace & Associates, P.C., and completed W-4 and W-9 Forms for Plaintiff; and (c) the Court approves this Agreement and dismisses the Litigation (the "Effective Date").  Plaintiff acknowledges and agrees that this Agreement will not

7

be effective or enforceable, and no payment of the Settlement Amount will be made hereunder, unless and until the Litigation and all claims therein (including claims under the FLSA and NYLL) are dismissed against all Defendants in the Litigation with prejudice.

20.    **Governing Law**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

21.    **Jurisdiction**: The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding arising out of this Agreement, or to otherwise enforce the terms of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

22.    **Enforceability**: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

23.    **Release Notification**: Defendants advises Plaintiff to discuss the terms of this Agreement and release of claims with legal counsel and Plaintiff acknowledges that he has have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

24.    **Waiver**: No provision herein may be waived unless in writing and signed by the Party whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

25.    **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

26.    **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

27.    **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which

8

appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF FURTHER ACKNOWLEDGES THAT HE HAS SPOKEN WITH HER ATTORNEY, GENNADIY NAYDENSKIY, BEFORE SIGNING THIS AGREEMENT, AND IS SATISFIED WITH THE ADVICE HE WAS PROVIDED.**

PLAINTIFF

By: _____    Date: _5 -31 -2019_
    LUIS MARINO ANDUJAR MATEO

DEFENDANTS:

By: _____    Date: _____
EL GRAN VALLE RESTAURANT CORP.
(D/B/A EL GRAN VALLE)

By: _____    Date: _____
DELVY CASTRO

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LUIS MARINO ANDUJAR MATEO, *individually and on behalf of others similarly situated,*

                                   *Plaintiff,*

             -against-

EL GRAN VALLE RESTAURANT CORP. (D/B/A EL GRAN VALLE), LAS HERMANAS REST. INC. (D/B/A EL GRAN VALLE), EL NUEVO VALLE REST. CORP. (D/B/A EL GRAN VALLE), MANUEL VIDAL, GRISELDA REYES, DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO), and DARIO DOE,

                                 *Defendants.*
---------------------------------------------------------X

**18-cv-4069**

**JOINT STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the Court, that:

       (a)    the parties' settlement, including the settlement of claims under the Fair Labor Standards Act and New York Labor Law, is fair and reasonable; and

       (b)    the above-captioned action and all causes of action that were or could have been asserted therein, including any and all claims under the Fair Labor Standards Act and/or New York Labor Law, are dismissed *with prejudice* pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and without costs, disbursements or attorneys' fees to any party.

Dated: _____, 2019                  Dated: _____, 2019

**MICHAEL FAILLACE & ASSOCIATES, P.C.**       **LITTLER MENDELSON, P.C.**

_____                 _____
By: Gennadiy Naydenskiy                 By: Samantha Beltre
60 East 42nd Street, Suite 2540           900 Third Avenue
New York, New York 10165              New York, New York 10022
(212) 317-1200                          (212) 583-9600

*Attorneys for Plaintiff*                     *Attorneys for Defendants*

SO ORDERED:

_____
U.S.M.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LUIS   MARINO   ANDUJAR   MATEO,
*individually and on behalf of others similarly*
*situated,*

                                        *Plaintiff,*

                -against-

EL  GRAN  VALLE  RESTAURANT  CORP.
(D/B/A  EL  GRAN  VALLE),  LAS
HERMANAS  REST.  INC.  (D/B/A EL GRAN
VALLE),  EL  NUEVO  VALLE  REST.  CORP.
(D/B/A  EL  GRAN  VALLE),  MANUEL
VIDAL,   GRISELDA   REYES,   DELVY
CASTIO  (A.K.A  DELVY  CASTRO;  A.K.A.
DAVID CASTRO), and DARIO DOE,

                                        *Defendants.*
--------------------------------------------------------X

                                                            **18-cv-4069**


                                                            **SETTLEMENT AGREEMENT**
                                                            **AND RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff LUIS MARINO ANDUJAR MATEO ("Plaintiff") on the one hand, EL GRAN VALLE RESTAURANT CORP.  (D/B/A EL GRAN VALLE), ("Defendant Corporation"), DELVY CASTIO (A.K.A DELVY CASTRO; A.K.A. DAVID CASTRO) (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-CV-04069 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and further deny all allegations of wrongdoing made by Plaintiff; and

      WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged,

1231196.1

it is hereby agreed as follows:

1. **Payment**: Defendant Corporation shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff had or may have against Defendants, including but not limited to the claims raised in this Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Seventeen Thousand Dollars and Zero Cents ($17,000) (the "Settlement Amount") to be paid in twelve monthly (12) installments, as follows:

(a) Installment One: Thirty Days (30) after court approval of the settlement agreement, an amount equal to $6,000 as follows:

| Luis Marino Andujar Mateo | $1,859.71 by IRS Form 1099 and $1,859.71 by W-2 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $2280.58 by IRS Form 1099 |

(b) Installment Two: Sixty Days (60) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620 by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(c) Installment Three: Ninety Days (90) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by W-2 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(d) Installment Four: One Hundred Twenty Days (120) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(e) Installment Five: One Hundred Fifty Days (150) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by W-2 |
|---|---|
| Michael Faillace & Associates, | $380.00 by IRS Form 1099 |

| attorneys' fees and costs | |
|---|---|

(f)    Installment Six: One Hundred Eighty Days (180) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620 by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(g)    Installment Seven: Two Hundred Ten Days (210) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by W-2 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(h)    Installment Eight: Two Hundred Forty Days (240) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(i)    Installment Nine: Two Hundred Seventy Days (270) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by W-2 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(j)    Installment Ten: Three Hundred Days (300) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

(k)    Installment Eleven: Three Hundred Thirty Days (330) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by W-2 |
|---|---|

3

| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |
|---|---|

(l)     Installment Twelve: Three Hundred Sixty Days (360) after court approval of the settlement agreement.

| Luis Marino Andujar Mateo | $620by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, attorneys' fees and costs | $380.00 by IRS Form 1099 |

The payments set forth above in Paragraph 1(a)-(l) shall be delivered to or mailed to the attention of Michael Faillace, Esq., at Michael Faillace & Associates, P.C., 60 East 42nd St. Suite 4510, New York, NY 10165.

2.     **Full Payment**:     Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute full accord and satisfaction.  This amount shall include compensation for alleged damages to Plaintiff as alleged in the Litigation, including any claims for wages or overtime pay under state and federal law or common law.  Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

The Parties agree that (i) in the event that the Defendants fail to make any of the installment payments as set forth above, <u>and</u> (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice ("Notice of Default") to be delivered to Defendants by first class mail via their counsel, Littler Mendelson, Samantha Beltre, Esq., at 900 Third Avenue, New York, NY 10022, which Notice of Default shall be deemed received five (5) days after it is mailed, Plaintiff shall be entitled to the entry of a default judgment against Defendants El Gran Valle Restaurant Corp. and Delvy Castro in the amount of $25,500.00 less any payments already made under this Agreement.  The $25,500.00 represents the settlement amount of $17,000 plus liquidated damages of $8,500.

3.     **Release of Claims**:     Plaintiff, individually and on behalf of himself and, if any, his spouse, heirs, executors, testators, representatives, agents, successors and assigns, and their respective capacities, hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, employees, and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims"), including but not limited to damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the FLSA or the NYLL, which Plaintiff at any time has, had, claims or claimed to have against Defendants

4

relating to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

Nothing in this Paragraph 3 shall preclude Plaintiff from seeking to enforce the terms of this Agreement.

4. **Covenant Not to Sue:** Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or defense of such claims.

5. **Claims Excluded from the Agreement:** Nothing in this Agreement, including but not limited to the release of claims, and covenant not to sue provisions, will prevent Plaintiff from filing a charge or complaint with, reporting possible violations of any law or regulation to, making disclosures to, initiating communications directly with, or responding to any inquiry from, or providing testimony before, and/or participating in any investigation or proceeding conducted by, or providing documents or other information to, the United States Department of Labor or the New York State Department of Labor, any other self-regulatory organization, or any state insurance department, or any other federal or state regulatory and/or any governmental authority charged with the enforcement of any laws, regarding this settlement or its underlying facts or circumstances; provided that, by signing this release, Plaintiff is waiving all rights to individual relief (including back pay, front pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiff's behalf.

6. **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice:**

(a) The Parties intend for the Plaintiff to waive any and all claims he may have against the Defendants under the FLSA and NYLL and, therefore, desire that this Agreement be approved by the United States District Court.

(b) Concurrent with execution of this Agreement, the Parties agree to execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court.

(c) Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

7. **Taxes and Withholding:** If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 1 should have been

5

subject to further taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to Plaintiff and that he shall protect, indemnify and hold harmless the Defendants and Releasees from any withholding or tax payment, interest and penalties paid by the Defendants thereon with respect to the payment of any such taxes.

8.    **No Admission of Liability**:  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment.  Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9.    **Bona Fide Dispute**:  This Agreement is in settlement of disputed claims.  The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of their FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

10.   **Changes to the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by the Parties or their designees.

11.   **No Other Complaints or Charges**:  Plaintiff hereby represent that, other than the Litigation, he has no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees.  Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to his employment with Defendants.

12.   **Future Employment**:  Plaintiff acknowledges and agree that he has no right to any reinstatement or re-employment by Defendant Corporation.

13.   **Assignment of Claims**:  Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

14.   **Voluntary Agreement**:  Plaintiff represents and agrees that:

(a)    He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to him by his attorneys, Michael Faillace & Associates, P.C.;

(b)    To the extent he is unable to read, consider or understand any term of this Agreement in the English language, the entirety of this Agreement was translated for him into the Spanish language and/or explained to him in the Spanish language by his attorneys or their representatives;

(c)    He has signed this Agreement freely and voluntarily and without duress;

6

(d)    No promise or representation of any kind or character, other than those contained in this Agreement, has been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(e)    He was advised and hereby is advised to consider carefully the terms of this Agreement before executing it, that he did consult with his attorneys, Michael Faillace & Associates, P.C., prior to executing the Agreement, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

15.    **Representation of Plaintiff's Attorneys**: Plaintiff's attorneys, Michael Faillace & Associates, P.C., represent and agree that, to the extent Plaintiff could not read, consider or understand any term of this Agreement because it was in the English language, the entirety of this Agreement was translated for Plaintiff into the Spanish language and/or explained to Plaintiff in the Spanish language, and that Plaintiff acknowledged his understanding of the terms of this Agreement.

16.    **Full and Complete Agreement**:  This Agreement constitutes the full and complete agreement between the Parties concerning the subject matter hereof, and fully supersedes any and all prior agreements, commitments or understandings between the parties.

17.    **Acknowledgments**:  Plaintiff acknowledges that he has had a sufficient opportunity had 21 days to consider this agreement. Having elected to execute this agreement, to fulfill the promises and to receive the sums and benefits set forth above, Plaintiff freely and knowingly, and after due consideration and consultation with Plaintiff's counsel, enters into this agreement intending to waive, settle and release all FLSA and New York labor law claims, and other claims set forth herein, Plaintiff has or might have against releasees up to the date of execution of this negotiated settlement agreement.

18.    **Notices**:  Notices hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Littler Mendelson,
Samantha Beltre, Esq., at
900 Third Avenue,
New York, NY 10022

7

19.    **Effective Date**:  This Agreement shall not be effective or enforceable and no payment of the Settlement Amount will be made hereunder unless and until all of the following events occur: (a) Plaintiff signs this Agreement and Plaintiff's counsel signs the Stipulation of Dismissal with Prejudice (attached as Exhibit A) and returns the same to Defendants' Counsel; (b) Defendants' counsel receives a completed W-9 form for Michael Faillace & Associates, P.C., and completed W-4 and W-9 Forms for Plaintiff; and (c) the Court approves this Agreement and dismisses the Litigation (the "Effective Date").  Plaintiff acknowledges and agrees that this Agreement will not be effective or enforceable, and no payment of the Settlement Amount will be made hereunder, unless and until the Litigation and all claims therein (including claims under the FLSA and NYLL) are dismissed against all Defendants in the Litigation with prejudice.

20.    **Governing Law**:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

21.    **Jurisdiction**:  The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding arising out of this Agreement, or to otherwise enforce the terms of this Agreement.  By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

22.    **Enforceability**:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

23.    **Release Notification**:  Defendants advises Plaintiff to discuss the terms of this Agreement and release of claims with  legal counsel and Plaintiff acknowledges that he has  have consulted with  Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his  attorneys.  Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

24.    **Waiver**:  No provision herein may be waived unless in writing and signed by the Party whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

8

25.     **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

26.     **Headings**:  The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

27.     **Counterparts**:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.  PLAINTIFF FURTHER ACKNOWLEDGES THAT HE HAS SPOKEN WITH HER ATTORNEY, GENNADIY NAYDENSKIY, BEFORE SIGNING THIS AGREEMENT, AND IS SATISFIED WITH THE ADVICE HE WAS PROVIDED.**

PLAINTIFF

By: _____          Date: _____
    LUIS MARINO ANDUJAR MATEO

DEFENDANTS:

By: _____          Date: __5/30/2019__
EL GRAN VALLE RESTAURANT CORP.
(D/B/A EL GRAN VALLE)

By: _____          Date: __5/30/2019__
DELVY CASTRO

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LUIS   MARINO   ANDUJAR   MATEO,
*individually and on behalf of others similarly
situated,*

                              *Plaintiff,*

               -against-

EL GRAN VALLE RESTAURANT CORP.
(D/B/A   EL   GRAN   VALLE),   LAS
HERMANAS REST. INC. (D/B/A EL GRAN
VALLE), EL NUEVO VALLE REST. CORP.
(D/B/A   EL   GRAN   VALLE),   MANUEL
VIDAL,   GRISELDA   REYES,   DELVY
CASTIO (A.K.A DELVY CASTRO; A.K.A.
DAVID CASTRO), and DARIO DOE,

                           *Defendants.*
-------------------------------------------------------X

18-cv-4069

**JOINT STIPULATION AND
ORDER OF DISMISSAL WITH
PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and ordered by the

Court, that:

      (a)     the parties' settlement, including the settlement of claims under the Fair Labor

Standards Act and New York Labor Law, is fair and reasonable; and

      (b)     the above-captioned action and all causes of action that were or could have been

asserted therein, including any and all claims under the Fair Labor Standards Act and/or New York

Labor Law, are dismissed *with prejudice* pursuant to Rule 41(a)(1) of the Federal Rules of Civil

Procedure and without costs, disbursements or attorneys' fees to any party.

Dated: _____, 2019

**MICHAEL FAILLACE & ASSOCIATES, P.C.**


_____
By: Gennadiy Naydenskiy
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200

*Attorneys for Plaintiff*

**SO ORDERED:**


_____
U.S.M.J.

Dated: _June 4_, 2019

**LITTLER MENDELSON, P.C.**


_____
By: Eric D. Witkin
900 Third Avenue
New York, New York 10022
(212) 583-9600

*Attorneys for Defendants*

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LUIS MARINO ANDUJAR MATEO,
*individually and on behalf of others similarly
situated,*

                              **18-cv-4069**

                      *Plaintiff,*

          -against-

EL GRAN VALLE RESTAURANT CORP.
(D/B/A EL GRAN VALLE), LAS
HERMANAS REST. INC. (D/B/A EL GRAN
VALLE), EL NUEVO VALLE REST. CORP.
(D/B/A EL GRAN VALLE), MANUEL
VIDAL, GRISELDA REYES, DELVY
CASTIO (A.K.A DELVY CASTRO; A.K.A.
DAVID CASTRO), and DARIO DOE,

                       **JOINT STIPULATION AND
ORDER OF DISMISSAL WITH
PREJUDICE**

                      *Defendants.*
--------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, and ordered by the
Court, that:

      (a)   the parties' settlement, including the settlement of claims under the Fair Labor
Standards Act and New York Labor Law, is fair and reasonable; and

      (b)   the above-captioned action and all causes of action that were or could have been
asserted therein, including any and all claims under the Fair Labor Standards Act and/or New York
Labor Law, are dismissed *with prejudice* pursuant to Rule 41(a)(1) of the Federal Rules of Civil
Procedure and without costs, disbursements or attorneys' fees to any party.

Dated: 6/6/ , 2019

**MICHAEL FAILLACE & ASSOCIATES, P.C.**

By: Gennadiy Naydenskiy
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200

*Attorneys for Plaintiff*

**SO ORDERED:**

_____
U.S.M.J.

Dated: June 4 , 2019

**LITTLER MENDELSON, P.C.**

By: Eric D. Witkin
900 Third Avenue
New York, New York 10022
(212) 583-9600

*Attorneys for Defendants*